**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 04-1650**

_____

JEREMY COLLINS, by his father and next friend,
Gregory Collins,

                                    Plaintiff - Appellant,

        versus

PRINCE WILLIAM COUNTY SCHOOL BOARD; EDWARD L.
KELLY; W. ASHBY BIRCHETTE, III; THOMAS H.
GILL,

                                    Defendants - Appellees,

        and

PRINCE WILLIAM COUNTY PUBLIC SCHOOLS; LUCY S.
BEAUCHAMP; LYLE G. BEEFELT; JOAN R. FERLAZZO;
WILLIAM HUNDLEY; STEVEN KEEN; JULIE C. LUCAS;
DON E. RICHARDSON; STEPHEN R. WASSENBERG,

                                    Defendants.

_____

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria.  Claude M. Hilton, Chief
District Judge. (CA-03-1455-A)

_____

Argued:  May 24, 2005                Decided:  July 15, 2005

_____

Before WILKINSON, MICHAEL, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

**ARGUED:** Paul Anthony Gowder, Jr., VICTOR M. GLASBERG & ASSOCIATES, Alexandria, Virginia, for Appellant. Mary Ellen McGowan, BLANKINGSHIP & KEITH, Fairfax, Virginia, for Appellees. **ON BRIEF:** Victor M. Glasberg, VICTOR M. GLASBERG & ASSOCIATES, Alexandria, Virginia, for Appellant. Jeremy B. Root, BLANKINGSHIP & KEITH, Fairfax, Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Appellant Jeremy Collins ("Collins"), by his father and next friend Gregory Collins, brought this action under 42 U.S.C.A. § 1983 (West 2003), against the Prince William County Public Schools, the Board and its members, and three school officials. Collins asserted that his expulsion from high school violated his rights to due process and equal protection, and that the disciplinary rules under which the Board acted were void for vagueness.[*]

During the 2001-2002 school year, Collins observed an experiment on chemical reactions that his science teacher conducted in the school parking lot. The experiment involved placing aluminum foil in a plastic bottle, adding an over-the-counter cleaner, and recapping the bottle. The cleanser and foil created a chemical reaction, releasing gas into the capped bottle and causing the bottle to explode.

Approximately one year later, on April 18, 2003, Collins, his friend K.R., and some of their friends went to Wal-Mart where Collins purchased the supplies needed to replicate the chemistry experiment. They then drove to a residential area to explode a bottle bomb. Collins mixed the ingredients, recapped the bottle, and returned to the car where the group waited for the bottle bomb

---

[*]We previously granted Collins' motion to waive confidentiality. See 4th Cir. R. 10(d)(1)(A)(iii).

to explode.  After the bottle bomb exploded, Collins and the others moved down the street to avoid getting caught and exploded more bottles along the way.  The following night, K.R. and some of his friends assembled more of the bottle bombs and exploded some in the parking lots of several schools in Prince William County.  Collins denied participating in the activities on the second evening.

During the course of an investigation into the explosions, local authorities determined that Collins had been involved in the bottle bombings and that he had shown K.R. and others how to assemble the bottle bombs.  Collins was arrested and held for five days.

On April 25, 2003, Thomas H. Gill, the high school principal, notified Collins and his parents that Collins had been suspended from school for five days, which was extended for another five-day period, for Collins' violations of the Prince William County Public Schools' Code of Behavior.  Among other provisions, the Code of Behavior provides that Prince William County students are subject to discipline for offenses occurring off school grounds, in certain circumstances:

> Offenses Off School Grounds -- Actions outside of school which have a negative impact on the school building, programs, students, or staff will not be tolerated.  The School Board and staff of Prince William County Public Schools are committed to maintaining the schools as safe and healthful places in which to learn, places which are free from the impact of violence, weapons, gang activity, substance abuse, and other negative influences.  Students are subject to corrective measures at school, up to and including expulsion, for offenses which occur in the

> community or at other locations off school grounds if those offenses are connected in some way with the school.

J.A. 242. After holding a hearing with Collins, his father, and Collins' attorney, Gill notified Collins and his parents that Gill intended to recommend expulsion to the School Board.

The Board then convened an administrative hearing on Gill's recommendation to expel Collins. The Board also conducted expulsion hearings for four other students, including K.R. At the hearing, Gill informed the Board that, as a result of the incidents on April 18 and 19, he and his staff spent a great deal of time fielding telephone calls, e-mails, and questions from concerned parents and the media, and providing information to fire marshals and police who were investigating the incidents. These activities diverted the staff's attention from their normal duties. Gill also noted that instructional time was affected because students wanted to talk about the incidents.

At the conclusion of the hearing, the Board unanimously voted to expel Collins through February 2004 for his "participation with explosive devices and offenses off school grounds resulting in disruption to the school system." J.A. 406. K.R. received the same punishment as Collins. The other students were expelled for the remainder of the 2002-2003 school year and were ordered to complete forty hours of community service.

Collins then filed this action under § 1983, alleging that the Board's actions in expelling him were arbitrary and capricious, in

5

violation of his right to substantive due process, and that he was punished more severely than others, in violation of his right to equal protection. He also alleged that the regulations were void for vagueness because they did not adequately inform him that his off-premises conduct could subject him to expulsion. Collins sought injunctive relief, expungement of the expulsion from his school record, and damages.

Defendants moved for summary judgment, asserting that each of Collins' claims failed on the merits. Collins opposed the motion for summary judgment, asserting that the motion was premature and addressing the claims on the merits. Collins' counsel also submitted an affidavit in accordance with Rule 56(f) of the Federal Rules of Civil Procedure, asserting that additional discovery should be completed before the court resolved Defendants' motion for summary judgment.

After a hearing, the district court granted Defendants' motion for summary judgment. The court rejected Collins' substantive due process claim, finding that, based upon the administrative record, ample evidence supported the Board's decision to expel Collins for his role in the explosion of the bottle bombs. The court also concluded that Collins failed to establish an equal protection violation because he was not treated differently from similarly situated students and the Board's action was rationally related to a legitimate state interest. The district court also rejected

Collins' void-for-vagueness challenge.  Because Collins failed to state a constitutional violation, the court also found that his § 1983 claims against the Board failed and that the individual defendants were entitled to qualified immunity.  Collins filed a timely notice of appeal.

We have considered the parties' briefs, the joint appendix, and the arguments of counsel and find no reversible error in the district court's order granting summary judgment on Collins' claims that Defendants' decision to expel him from public school deprived him of substantive due process and equal protection.  Accordingly, we affirm for the reasons stated by the district court.  See Collins v. Prince William County Sch. Bd., No. CA-03-1455-A (E.D. Va. Apr. 21, 2004).

We also find no reversible error in the district court's order granting summary judgment on Collins' claim that the regulations on which Defendants relied were unconstitutionally vague.  "Given the school's need to be able to impose disciplinary sanctions for a wide range of unanticipated conduct disruptive of the educational process, the school disciplinary rules need not be as detailed as a criminal code which imposes criminal sanctions."  Bethel School Dist. No. 403 v. Fraser, 478 U.S. 675, 686 (1986).  Here, the Code of Behavior section entitled "Offenses Off School Grounds" provided sufficient notice to Collins that his use of explosive devices off-

site could result in a disruption to the school significant enough to warrant his expulsion from school.

We also find no abuse of discretion in the district court's implicit denial of Collins' request to extend discovery pursuant to Fed. R. Civ. P. 56(f).  <u>See</u> <u>Strag v. Bd. of Trs.</u>, 55 F.3d 943, 954 (4th Cir. 1995) ("The denial of a Rule 56(f) motion for extension should be affirmed where the additional evidence sought for discovery would not have by itself created a genuine issue of material fact sufficient to defeat summary judgment.").

Accordingly, we affirm the district court's grant of summary judgment to Defendants.

<u>AFFIRMED</u>